**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARISSA M. MACBRAIR,<br><br>                Plaintiff(s),<br><br>vs.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant(s). | Case No. 2:16-cv-01048-JAD-NJK<br><br>REPORT AND RECOMMENDATION |

       This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 17. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 18. Plaintiff filed a reply. Docket No. 19. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

    <u>A.</u>    <u>Judicial Standard of Review</u>

       The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. <u>Disability Evaluation Process</u>

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id*.

determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 416.920(d).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity.  20 C.F.R. § 416.920(e).  The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p.  In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 416.929; SSRs 96-4p, 16-3p.  An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other evidence.  SSR 16-3p.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. § 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 416.960(b), 416.965.  If the individual has the residual functional capacity to

perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    BACKGROUND**

    A.    Procedural History

On July 18, 2012, Plaintiff filed applications for disability insurance benefits alleging that she became disabled on August 15, 2011. *See* Administrative Record ("A.R.") 185-193. Plaintiff's claims were denied initially on February 5, 2013, and upon reconsideration on August 13, 2013. A.R.91-94, 102-06. On August 26, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 107-09. On November 20, 2014, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Thomas J. Gaye. A.R. 40-56. On March 4, 2015, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a further hearing before the ALJ. A.R. 57-67. On May 22, 2015, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date the application was filed. A.R. 22-39. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 11, 2016. A.R. 1-7.

On May 10, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

    B.    The Decision Below

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920, and issued an unfavorable decision on May 22, 2015. A.R. 22-39. At step one, the ALJ found that

Plaintiff has not engaged in substantial gainful activity since July 6, 2012. A.R. 27. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, diabetes mellitus, sleep related breathing disorder, bipolar disorder, mixed, and anxiety disorder, NOS. A.R. 27-30. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 30-32.

The ALJ found that Plaintiff had the following residual functional capacity:

> to perform light work as defined in 20 C.F.R. § 416.967(b), with the capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 4 hours total during an 8-hour workday; sit 6 hours total during a typical 8-hour workday; no climbing ropes, ladders or scaffolds, no concentrated exposure to hazards, no work at unprotected heights or around dangers machinery; no more than occasional climbing of ramps and stairs, balancing, crouching, and crawling; no more than frequent stooping and kneeling; with very limited contact with people that does not include contact all day every day.

A.R. 32-34. The ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 34-35. In doing so, the ALJ defined Plaintiff as a younger individual with at least a high school education, able to communicate in English, and without past relevant work. A.R. 34. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an assembler, nut sorter, or order clerk. A.R. 34-35.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the application for supplemental security income. A.R. 35.

### III.    ANALYSIS AND FINDINGS

Plaintiff argues on appeal that the ALJ erred in crafting the RFC as limiting Plaintiff to very limited contact with people that does not include contact all day every day. *See, e.g.*, Docket No. 17 at 8. In particular, Plaintiff argues that the "all day every day" modifier eviscerates the limitation on interaction. *Id.* Plaintiff also argues that the RFC insufficiently accounts for the finding by the consultative examiner, Dr. Foerster, that Plaintiff suffered from a marked limitation in the ability to interact with the public, supervisors, and coworkers, and that a proper incorporation of that opinion renders Plaintiff unable to work. *Id.* at 9; *see also* A.R. 471. For example, Plaintiff argues that the job

of order clerk requires telephonic interaction with the public that she is incapable of providing. Docket No. 17 at 8-9.

The Commissioner responds that the RFC is proper and that the ALJ properly found Plaintiff is not disabled. Docket No. 18 at 11. The Commissioner argues that the RFC provides for a limitation as to in-person interaction, but not as to telephonic interaction, and that the record amply supports Plaintiff's ability to interact through technological means, including daily chats with people on Facebook, daily telephone conversations with her sister, frequent chats with men on dating websites, and past work answering telephones. *Id.* at 5-7 (providing corresponding citations to the record).[2] The Commissioner also argues that the vocational expert properly opined as to jobs available based on the RFC, and that Plaintiff waived any challenge to that finding in light of her attorney's failure to question the vocational expert during the administrative hearing. *Id.* at 8-9. Lastly, the Commissioner argues that Plaintiff has failed to establish reversible error because her arguments relate only to the position of order clerk, and she has failed to argue that she is unable to perform as an assembler or nut sorter. *Id.* at 10-11.

The Commissioner has the better argument. The ALJ considered the opinion of Dr. Foerster finding Plaintiff to have marked limitations in interacting with the public, supervisors, and coworkers. A.R. 32-33, 471. The ALJ also considered the evidence that Plaintiff interacted telephonically or through other electronic means as part of her daily activities. A.R. 33. The undersigned agrees with the Commissioner that the ALJ properly translated that evidence into the identified limitation as to Plaintiff's in-person interactions. Moreover, the undersigned agrees with the Commissioner in that any error was harmless, as Plaintiff has failed to explain how substantial evidence does not exist with respect to the finding that she can perform the jobs of nut sorter or assembler.[3]

---

[2] The Commissioner also notes in-person interactions as part of Plaintiff's daily activities, including visiting the chiropractor three times weekly, grocery shopping multiple times each month, volunteering at a haunted house, visiting a book store, eating at restaurants, and occasionally dating men. *See* Docket No. 18 at 5; *see also* A.R. 467-68. Nonetheless, the Commissioner states that "the ALJ was correct to limit Plaintiff's in-person contact." Docket No. 18 at 7.

[3] Plaintiff fails to provide meaningful discussion with respect to the vocational expert's testimony and the ALJ's finding that she can perform the jobs of assembler and nut sorter. It appears Plaintiff's only argument as to those positions is that this finding is inconsistent with the POMS guidelines with respect to

7

## IV. CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 17) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 18) be **GRANTED**.

IT IS SO ORDERED.

DATED:   February 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

---

performing unskilled work. Docket No. 17 at 10-11; *see also* Docket No. 19 at 3. The undersigned is not persuaded. While POMS may have some persuasive value with respect to interpreting ambiguous regulations, it "does not impose judicially enforceable duties on either this court or the ALJ." *Kennedy v. Colvin*, 738 F.3d 1172, 1177 (9th Cir. 2013) (quoting *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011)); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010). The undersigned finds the POMS provisions cited are insufficient to justify a finding that the ALJ erred in adopting the vocational expert's testimony that Plaintiff is able to perform the jobs identified based on the facts of this case.

circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).